[Cite as *State v. Koffel*, 2024-Ohio-4519.]

# IN THE COURT OF APPEALS OF OHIO

SEVENTH APPELLATE DISTRICT
COLUMBIANA COUNTY

STATE OF OHIO,

Plaintiff-Appellee,

v.

JOSEPH KOFFEL,

Defendant-Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 23 CO 0046**

---

Criminal Appeal from the
Court of Common Pleas of Columbiana County, Ohio
Case No. 2023 CR 268

**BEFORE:**
Carol Ann Robb, Cheryl L. Waite, Katelyn Dickey, Judges.

---

**JUDGMENT:**
Affirmed.

---

*Atty. Vito J. Abruzzino*, Prosecuting Attorney, *Atty. Shelley M. Pratt*, Assistant Prosecuting Attorney, Columbiana County Prosecutor's Office, for Plaintiff-Appellee and

*Atty. Robert T. McDowall Jr.*, Robert T. McDowall Co, LLC, for Defendant-Appellant.

Dated:  September 10, 2024

**Robb, P.J.**

{¶1}    Defendant-Appellant Joseph Koffel appeals the decision of the Columbiana County Common Pleas Court denying his motion to suppress evidence discovered when he was arrested on a municipal court warrant.  The trial court applied the good faith exception to the exclusionary rule.  Appellant believes the arresting officer's reliance on the warrant was not objectively reasonable.  For the following reasons, the trial court's judgment is affirmed.

## STATEMENT OF THE CASE

{¶2}    On March 4, 2022, Appellant was a passenger in a car during a traffic stop. Due to the smell of marijuana, the police asked the occupants to exit the vehicle and identify themselves.  According to dispatch, the system showed Appellant had a warrant through East Liverpool Municipal Court.  Appellant claimed he had already been arrested on the warrant and sentenced on the case.  The police at the scene waited for dispatch to "confirm" the information regarding the status of the warrant.  After dispatch confirmed the existence of an outstanding warrant, Appellant was arrested.  During a search incident to arrest, methamphetamine was discovered on Appellant.

{¶3}    Appellant was indicted for aggravated drug possession and aggravated drug trafficking, both third-degree felonies due to the amount of drugs.  He filed a motion to suppress the drugs arguing the arrest was not lawful because the dispatcher "mistakenly" told the police officers an arrest warrant was outstanding.  He emphasized the municipal court labeled his case inactive and pointed out the warrant should have been purged from the municipal court database after he was arrested on a subsequent secret indictment.

{¶4}    The arrest warrant relied upon by the officer was issued on May 25, 2021 in East Liverpool Municipal Court No. 2021 CRA 728 for felony domestic violence based on a May 22, 2021 incident.  On December 2, 2021, the municipal court ruled, "The above case is placed in the inactive files for lack of prosecution.  Bench warrant, warrant, and/or summons shall remain active."

{¶5}    In the meantime, in Columbiana County Common Pleas Court No. 2021 CR 409, a grand jury issued a secret indictment on July 14, 2021, apparently based on the

same conduct at issue in the municipal court complaint. Appellant was arrested on the indictment on October 10, 2021 and arraigned on November 15, 2021. He pled guilty and was sentenced to community control on January 4, 2022.

{¶6} The record in the municipal court case was not updated until Appellant was brought before that court on March 7, 2022 (after the arrest at issue herein). The municipal court then dismissed the case, noting he was indicted and already sentenced in 2021 CR 409.

{¶7} The state filed a response to Appellant's motion to suppress the drugs found during his arrest on the municipal court warrant. The state pointed out exclusion is not a necessary consequence of a Fourth Amendment violation and asked the court to apply the good faith exception to the exclusionary rule. The state urged law enforcement's reliance on the warrant was reasonable, especially because confirmation was obtained after the initial dispatch declaring a warrant was reported as active in the municipal court's database. The state emphasized that any error regarding the status of the arrest warrant here was not the responsibility of the police.

{¶8} The parties advised the trial court a hearing was not necessary as the facts were not in material dispute. On September 11, 2023, the trial court denied the motion to suppress. It was pointed out that even if the arrest warrant had become invalid by the time of Appellant's arrest, the question of whether the exclusionary rule should be applied was a separate issue. The court reviewed an Ohio Supreme Court case applying the good faith exception to the exclusionary rule where a police officer was objectively reasonable in relying on a warrant that was later found to be invalid. *See State v. Hoffman*, 2014-Ohio-4795. The trial court concluded the exclusionary rule would not serve the purpose of deterring police misconduct because there was no evidence any action by a police officer was objectively unreasonable, in bad faith, or in flagrant disregard of the Fourth Amendment.

{¶9} Appellant thereafter pled no contest to the charges, and the court imposed a jointly-recommended prison term of 18 months on each count (concurrent with each other and consecutive to 21 CR 409). Appellant filed a timely notice of appeal to challenge the suppression decision.

ASSIGNMENT OF ERROR

{¶10} Appellant sets forth the following assignment of error:

"WHETHER A POLICE OFFICER WHO IS PROVIDED CONFLICTING INFORMATION ON WHETHER A SUSPECT HAS AN OUTSTANDING AND ACTIVE ARREST WARRANT ACTS IN AN OBJECTIVELY REASONABLE MANNER BY ACCEPTING THE INFORMATION RELAYED BY DISPATCH WITHOUT ADDITIONAL INQUIRY."

{¶11} In general, the denial of a motion to suppress presents a mixed question of law and fact on appeal. *State v. Castagnola*, 2015-Ohio-1565, ¶ 32, citing *State v. Burnside*, 2003-Ohio-5372. The trial court's resolution of factual questions while weighing the evidence is accepted if it is supported by competent, credible evidence, and the reviewing court then independently determines whether the facts satisfied the applicable legal test without deference to the trial court's legal conclusion. *Burnside* at ¶ 8. If a warrant is invalid, the court "must then determine whether the good-faith exception applies, and that question is a question of law, subject to de novo review by the appellate court." *Castagnola* at ¶ 32. The parties agreed Appellant's motion presented a legal issue to the trial court.

{¶12} Appellant contends the reliance on the warrant was not objectively reasonable. He believes the fact that the officer waited to arrest him until after the initial dispatch was confirmed shows the officer had concerns as to the accuracy of the report on the warrant's status. Noting he told the officer the case was already resolved, Appellant claims "a simple internet search would have disclosed" the municipal court labeled the case "inactive" in the same entry stating the warrant "shall remain active" and claims this information would have "raised unanswered questions." He then claims a check of the common pleas court's website would have led to the discovery of an indictment (suggesting this could have been compared to the date, charge, and victim in the municipal court case that generated the May 25, 2021 arrest warrant).

{¶13} A Fourth Amendment violation does not automatically result in the suppression of evidence under the exclusionary rule, which is a judicially created deterrent remedy and not a personal constitutional right. *Hoffman*, 2014-Ohio-4795, at ¶ 24. The propriety of applying a suppression remedy under the exclusionary rule in a

certain situation invokes a distinct analysis from the question of whether a defendant's Fourth Amendment rights were violated. *Id.* Before excluding evidence, "the deterrence benefits of suppression must outweigh its heavy costs." *Id.* at ¶ 25.

**{¶14}** The Supreme Court has explained the exclusionary rule is not applicable "when, for instance, law-enforcement officers act in objectively reasonable good-faith reliance on a search warrant that is later determined to be invalid, or on an arrest warrant that has been recalled or quashed or is otherwise no longer active." (Citations omitted.) *State v. Harrison*, 2021-Ohio-4465, ¶ 44. "The exclusionary rule is designed to deter police misconduct that flagrantly, deliberately, or recklessly violates the Fourth Amendment. When officers act in good-faith reliance on a warrant that is later determined to be invalid, suppressing that evidence does not serve the purpose of the exclusionary rule." *Hoffman* at ¶ 46.

**{¶15}** Accordingly, evidence will not be excluded when it is discovered by an officer acting in good faith when executing a warrant issued by a court. *Id.* at ¶ 29-31, citing *United States v. Leon*, 468 U.S. 897 (1984) (applying the good faith exception where a search warrant was subsequently invalidated for a lack of probable cause), *Herring v. United States*, 555 U.S. 135 (2009) (applying the good faith exception where police arrested a suspect on a warrant, which had been recalled, in reliance on a police database that had not been changed after a hard copy of the warrant was returned to the clerk's office in a neighboring county months earlier), and *Arizona v. Evans*, 514 U.S. 1 (1995) (applying the good faith exception where the officer relied on incorrect information in a court database about an outstanding arrest warrant). A judicial employee's mistake as to an arrest warrant does not prompt the application of the exclusionary rule, which deals with deterring police misconduct. *Evans* at 15.

**{¶16}** Under the good-faith exception to the exclusionary rule, the court will not suppress evidence where the officer was "objectively reasonable" in relying on a warrant issued by a court. *Hoffman*, 141 Ohio St.3d 428, at ¶ 31. In such cases, once the warrant is issued by the court, exclusion of the evidence obtained due to the execution of the warrant would not deter police illegality. *Id.* In general, an officer is not reasonably expected to question judicial authority. *Id.* at ¶ 6, 31, 44 (no suppression where magistrate admitted rubber-stamping thousands of warrants without making probable

cause determinations, as the police officer had no reason to question the warrant he was executing).

**{¶17}** Under the circumstances existing here, the police officer was objectively reasonable in relying on the arrest warrant, which was proper when issued and remained specifically labeled by the municipal court as an active warrant. To recap, dispatch informed the officer Appellant had an outstanding warrant from the municipal court. Appellant claimed he resolved the matter. The officer then waited until the warrant was confirmed by dispatch before placing Appellant under arrest. As for the municipal court's docket mentioning the case was placed in an inactive file, *the same docket entry specifically reflected the warrant would remain active.* Law enforcement would not be unreasonable in relying on the court's statement that the warrant would remain active. Under such circumstances and confirmation by dispatch, a suspect's declaration that he believes he resolved a charge does not require an officer to conduct his own roadside computer search of a common pleas court's record to sort through felony indictments in order to ascertain if any of the suspect's indictments have dates, elements, and victims corresponding to a municipal court case with an outstanding warrant while also reviewing these aspects of the municipal court's charging document.

**{¶18}** As the trial court found, the application of the exclusionary rule to this case would not serve the purpose of deterring police misconduct; there was no evidence any action by the police officer was objectively unreasonable, in bad faith, or in flagrant disregard of the Fourth Amendment. Rather, the police officer's reliance on the arrest warrant was objectively reasonable. Accordingly, Appellant's assignment of error is without merit.

**{¶19}** For the foregoing reasons, the trial court's judgment is affirmed.

Waite, J., concurs.

Dickey, J., concurs.

---

For the reasons stated in the Opinion rendered herein, the assignment of error is overruled and it is the final judgment and order of this Court that the judgment of the Court of Common Pleas of Columbiana County, Ohio, is affirmed.  Costs waived.

A certified copy of this opinion and judgment entry shall constitute the mandate in this case pursuant to Rule 27 of the Rules of Appellate Procedure. It is ordered that a certified copy be sent by the clerk to the trial court to carry this judgment into execution.

### NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**